IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Louis H. Klein, Esq. (Bar No. LK 8008)
The Kasen & Liu Law Firm, PLLC
136-33 37th Avenue, #9B
Flushing, NY 11354
(718) 337-8012
Contact@kasenlawfirm.com

------------------------------------------------------X
SHENZHEN TEPEI TECHNOLOGY CO.,     Case No._____
LTD., and TPARTS AUTO, INC. a
subsidiary of SHENZHEN TEPEI
TECHNOLOGY CO.,     Bench Trial Demanded

                        Plaintiffs,

                       **VERIFIED COMPLAINT**
v.

TPARTS, LLC, and QI LI (a/k/a
"CHRISTOPHER LI"), individually,

                       Defendants.
------------------------------------------------------X

SHENZHEN TEPEI TECHNOLOGY CO LTD., and TPARTS AUTO, INC. a subsidiary
of SHENZHEN TEPEI TECHNOLOGY CO LTD, (collectively, "Plaintiffs") by and through their
undersigned attorneys, The Kasen & Liu Law Firm, PLLC, hereby file this Verified Complaint
against Corporate Defendant TPARTS, LLC and Individual Defendant QI LI, a/k/a
CHRISTOPHER LI, allege and state as follows:

**INTRODUCTION**

1. This is an action against Defendants TPARTS, LLC, and QI LI (a/k/a "CHRISTOPHER
   LI"), individually (collectively "Defendants"), for infringement of Plaintiffs' federally-
   registered trademark T PARTS under Section 32(1) of the Lanham Act, 15 U.S.C. §
   1114(1), for unfair competition and false designation of origin under Section 43(a) of the

Lanham Act, 15 U.S.C. § 1125(a), for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and for substantial and related claims of fraud, breach of contract, conversion, and unjust enrichment under the statutory and common laws of the State of New York, all arising from the Defendant's unauthorized use of the mark T PARTS in connection with the distribution, marketing, advertising, promotion, offering for sale, and/or sale of Defendants goods.

## JURISDICTION

2. This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, [1332(a),] and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district , and/or 28 U.S.C. § 1391(b)(3), in that Defendants are subject to personal jurisdiction in this district with respect to this action, and there is no other district in which the action may otherwise be brought.

## THE PARTIES

4. Plaintiff SHENZHEN TEPEI TECHNOLOGY CO., LTD. is a foreign corporation with its principal place of business at Room 248, Building 2, No. 7, South Ma Kan Road, Nashan District, Guangdong Province, CHINA, 518000.

5. Plaintiff TPARTS AUTO, INC., is a New York State Corporation with its principal place of business at 26 Summit Avenue, Sea Cliff, New York 11579.

6.  Defendant TPARTS, LLC is California State Corporation, with its principal place of business at 58 Pinetree, Irvine, California 92620.

7.  Defendant QI LI (a/k/a "CHRISTOPHER LI"), individually, is the principal of Defendant TPARTS, LLC.

## JURISDICTION

8.  This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

9.  This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiffs' state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiffs' federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

## FACTS

### A. Plaintiff and Its' Trademark

10. Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 6,605,700, on the Principal Register in the United States Patent and Trademark Office for the trademark TPARTS (hereinafter the "TPARTS Mark"), for GOODS, which has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached as **Exhibit 1** is a true and correct copy of the registration certificate for Plaintiff's United States Trademark Registration No. 6,605,700, which was issued by the United States Patent and Trademark Office on January 4, 2022.

11. Plaintiffs have used the TPARTS Mark in commerce internationally and throughout the United States continuously since July 202 in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising, and promotion of Automobile holders for MP3 players that are affixed or specially adapted to the automobile; Automotive door handle scratch guards; Automotive interior trim; Automotive windshield shade screens; Caps for wheel rims; Car window shades; ~~Computer laptop mount adapted for use in vehicles; Electric cigarette lighters for land~~ vehicles; Head-rests for vehicle seats; Spoilers for vehicles; Tablet computer headrest mounts adapted for use in vehicles; Vehicle running boards. Attached hereto as **Exhibit 2** are copies of photographs representative samples showing Plaintiffs use of the TPARTS Mark in connection with these goods.

12. As a result of its widespread, continuous, and exclusive use of the TPARTS Mark to identify its goods and Plaintiffs as their source, Plaintiffs owns valid and subsisting federal statutory and common law rights to the TPARTS Mark.

13. Plaintiff's TPARTS Mark is distinctive to both the consuming public and Plaintiff's trade.

14. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the goods sold under the TPARTS Mark including through plaintiff's marketing, advertising, and promotional efforts and channels for goods or services under its mark. During the period from July 2020 to August 2022 alone, Plaintiffs have expended in excess of one million U.S. Dollars ($1,000,000.00) on the global marketing, advertising, and promotion of the goods sold under the TPARTS Mark.

15. Plaintiffs, through their authorized distributors, distributes and sells the goods under the TPARTS Mark on its own online website.

16. As a result of Plaintiff's expenditures and efforts, the TPARTS Mark has come to signify the high quality of the Goods designated by the TPARTS Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

17. Plaintiff's TPARTS Mark and the goods offered thereunder have received significant unsolicited coverage in various media.

18. As a result of its distinctiveness and widespread use and promotion throughout the United States, Plaintiff's TPARTS Mark is a famous trademark within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. 1125(c), and became famous prior to the acts of the Defendant alleged herein.

## B. Defendant's Unlawful Activities

19. While Defendant had permission from Plaintiff, defendant established a USA facing website to market, sell, and distribute Plaintiff's Goods.

20. This website was established with Plaintiff's permission.

21. However, such permission to market, sell, and distribute Plaintiff's Goods was terminated in or around August 2022.

22. Since August 2022, and at all times herein, Defendant established a competing website, offering the same or substantially the same products as the TPARTS goods.

23. Defendant utilized the TPARTS Mark on Defendant's competing website without license, permission, or authorization from Plaintiff.

24. Upon Plaintiff's termination of Defendant's license to market, sell, and distribute Plaintiff's Goods, plaintiff hacked Plaintiff's commercial website and unlawfully "steered" customers from Plaintiff's website to Defendant's own, independent competing website for the purpose of selling competing goods.

25. Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's GOODS and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's GOODS originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

26. Defendant's infringing acts as alleged herein have resulted in actual confusion as ~~evidenced by customers complaining that they were steered from Plaintiff's website to~~ Defendant's website without their knowledge, control or consent.

27. Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's TPARTS Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's GOODS to the Defendant.

28. Defendant's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT ONE (Federal Trademark Infringement)

29. Plaintiff repeats and realleges paragraphs 1 through 29 hereof, as if fully set forth herein.

30. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

31. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the TPARTS Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

32. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

33. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO (Federal Unfair Competition)

34. Plaintiff repeats and realleges paragraphs 1 through 33 hereof, as if fully set forth herein.

35. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

36. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

37. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

38. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39. ~~Defendant's conduct as alleged herein is causing immediate and irreparable harm and~~ injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

40. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT THREE (Federal Trademark Dilution)

41. Plaintiff repeats and realleges paragraphs 1 through 40 hereof, as if fully set forth herein.

42. Plaintiff's TPARTS Mark is distinctive and a "famous mark" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

43. Plaintiff's TPARTS Mark became distinctive and famous prior to the Defendant's acts as alleged herein.

44. Defendant's acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of Plaintiff's famous TPARTS Mark.

45. Defendant's acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish Plaintiff's TPARTS Mark by undermining and damaging the valuable goodwill associated therewith.

46. Defendant's acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

47. Plaintiff is entitled to, among other relief, an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

1. That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114); and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

2. That Defendant has been unjustly enriched by its unlawful conduct.

3. Granting an injunction permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a. Distributing, providing, selling, marketing, advertising, promoting, or authorizing any third party to [manufacture, distribute/provide], sell, market, advertise, or promote any GOODS bearing the mark TPARTS or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's TPARTS mark;

b. engaging in any activity that infringes Plaintiff's rights in its TPARTS mark;

c. ~~engaging in any activity constituting unfair competition with Plaintiff;~~

d. engaging in any activity that is likely to dilute the distinctiveness of Plaintiff's TPARTS Mark;

e. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendant;

f. using or authorizing any third party to use [in connection with any business, goods, or services] any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

g. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark TPARTS or any other mark that infringes or is likely to be confused with Plaintiff's TPARTS mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

h. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

4. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by ~~Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by,~~ or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's [goods/services].

5. Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the mark TPARTS or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's TPARTS mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the mark TPARTS or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's TPARTS mark, and to immediately remove them from public access and view.

6. Directing that Defendant recall and deliver up for destruction or other disposition all goods, packaging, shopping bags, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the mark TPARTS or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's TPARTS mark.

7. Directing Defendant to formally abandon with prejudice any and all of its applications to ~~register the mark TPARTS or any mark consisting of, incorporating, or containing Plaintiff's~~ TPARTS mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

8. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

9. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

10. Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

11. Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

12. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and

awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

13. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the

foregoing sums.

14. Awarding such other and further relief as the Court deems just and proper.


Dated: March 21, 2023
      Flushing, New York

                                           THE KASEN AND LIU LAW FIRM, PLLC
                                           Attorneys for Plaintiffs

By: _____
Louis H. Klein, Esq.
136-33 37th Avenue, Suite 9B
Flushing, NY 11354
(718) 337-8012
louisklein@lawyer.com

## VERIFICATION

STATE OF NEW YORK        }
                                    }ss:

COUNTY OF QUEENS        }

I, WU JING, being duly sworn deposes and says:

I am an officer and representative of SHENZHEN TEPEI TECHNOLOGY CO., LTD., and TPARTS AUTO, INC. a subsidiary of SHENZHEN TEPEI TECHNOLOGY CO., the plaintiffs in the within action. I have read the foregoing Complaint and know the contents thereof. The same is true to my knowledge except as to the matters stated to be alleged upon information and belief, and as to those matters, I believe it to be true.

 

WU JING

Sworn to before me on this
___21___ Day of March 2023

Notary Public

Fang Liu
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02LI6407688
Qualified in Nassau County
Commission Expires      July 06, 2024