UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
SHENZHEN TEPEI TECHNOLOGY CO.
LTD. and TPARTS AUTO, INC.,

                Plaintiffs,

      -against-

TPARTS, LLC and QI LI,

                Defendants.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
23-CV-2656 (FB) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

      Plaintiffs Shenzhen Tepei Technology Co. Ltd ("Shenzhen") and TPARTS Auto, Inc. (collectively, "Plaintiffs") commenced this action against Defendants TPARTS, LLC, and Qi Li (collectively, "Defendants") on April 7, 2023. (Compl., ECF No. 1.) Plaintiffs allege "infringement of Plaintiffs' federally-registered trademark T PARTS under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)" and "unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)"; Plaintiffs also claim fraud, breach of contract, conversion, and unjust enrichment under New York common law. (*Id.* ¶ 1.)

      On November 3, 2023, Plaintiffs moved for default judgment against Defendant Qi Li. (Mot. for Default J., ECF No. 10 (hereinafter referred to as "Qi Li Default Mot.").) On March 18, 2024, Plaintiffs moved for default judgment against Defendant TPARTS, LLC. (Mot. for Default J., ECF No. 18 (hereinafter referred to as "TPARTS Default Mot.").) For the reasons set forth below, this Court respectfully recommends that both of Plaintiffs' motions for default judgment be denied.

1

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

As stated above, Plaintiffs initiated this action on April 7, 2023. (Compl., ECF No. 1.) On June 6, 2023, Plaintiffs filed an affidavit of service indicating that Defendant Qi Li was served on April 25, 2023, by mailing and affixing a copy of the summons and complaint to the door of Defendant Qi Li's "place of business" at 58 Pinetree, Irvine, CA 92620. (Aff. of Serv., ECF No. 6.) On July 24, 2023, Plaintiffs filed a letter indicating that Defendant Qi Li was served "at the defendant's home address," but that "service was never completed on the corporate defendant, TPARTS, LLC." (Status Rep., ECF No. 7, at 1.) Plaintiffs also included an affidavit of non-service stating that the deponent was unable to serve Defendant TPARTS, LLC at 58 Pinetree, Irvine, CA 92620, which "is a residential address," because there was "never an answer at [the] door." (Aff. of Non-Serv., ECF No. 7, at ECF p. 2.)

On August 24, 2023, Plaintiffs filed a request for a certificate of default against Defendant Qi Li. (Req. for Certificate of Default, ECF No. 8.) Five days later, the Clerk of Court filed a certificate of default against Defendant Qi Li. (Certificate of Default, ECF No. 9.) On November 3, 2023, Plaintiffs moved for default judgment against Defendant Qi Li. (Qi Li Default Mot., ECF No. 10.) The same day, Plaintiffs filed a letter indicating that "the process server that [they] retained to serve the corporate Defendant, TPARTS, LLC, has thus far been unsuccessful in their attempts to serve the defendant corporation," and asking for an extension of time to serve Defendant TPARTS, LLC. (Status Rep., ECF No. 11.) The Honorable Frederic Block referred the Qi Li Default Motion to the undersigned magistrate judge on the same day. (Nov. 3, 2023 ECF Electronic Order.)

2

On December 11, 2023, Plaintiffs filed a status report indicating that they located a new address for Defendant TPARTS, LLC, at 14761 Franklin Avenue, Unit C, Tustin, CA 92780, and that they arranged for a local process server to serve Defendant TPARTS, LLC at that address. (Status Rep., ECF No. 12.) On January 17, 2024, Plaintiffs filed an affidavit of service indicating that Defendant TPARTS, LLC was served on December 19, 2023, at 14761 Franklin Avenue, Unit C, Tustin, CA 92780 by delivering a copy of the summons and complaint to "Chris Li," an individual the deponent knew to be the "owner authorized to accept service" on behalf of TPARTS, LLC. (Aff. of Serv., ECF No. 15-1, at ECF p. 2.) On January 31, 2024, Plaintiffs filed a request for a certificate of default against Defendant TPARTS, LLC, which the Clerk of Court issued on February 13, 2024. (Req. for Certificate of Default, ECF No. 16; Certificate of Default, ECF No. 17.) On March 18, 2024, Plaintiffs filed a motion for default judgment against Defendant TPARTS, LLC, which Judge Block referred to the undersigned magistrate judge. (TPARTS Default Mot., ECF No. 18; Mar. 18, 2024 ECF Electronic Order.)

## DISCUSSION

Federal Rule of Civil Procedure 55 provides a "two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). The plaintiff must first obtain an entry of default when a defendant "has failed to plead or otherwise defend" in an action. Fed. R. Civ. P. 55(a). Second, after the certificate of default is entered, and on the plaintiff's application, the district court may enter a default judgment. Fed. R. Civ. P. 55(b); *see also* E.D.N.Y. Local Civ. R. 55.2(b). A "plaintiff is not entitled to a default judgment as a matter of right simply because a party is in default." *Finkel v. Universal Elec. Corp.*, 970 F. Supp. 2d 108, 118 (E.D.N.Y. 2013).

3

"To establish entitlement to default judgment, the plaintiff must demonstrate proper service of the summons and complaint." *Ahn v. Sun Cleaners*, No. 19-CV-5919 (DLI) (PK), 2021 WL 7186026, at *2 (E.D.N.Y. Feb. 1, 2021), *report and recommendation adopted*, Mar. 1, 2021 ECF Order Adopting R. & R. In the Eastern District of New York, "the plaintiff must also establish compliance with the procedural requirements of Local Civil Rules 7.1, 55.1, and 55.2." *Id.* Indeed, "[a] motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules," including local rules, which "have the force of law." *Shayo v. CentSai Inc.*, No. 23-CV-365 (DLI) (JAM), 2023 WL 9603819, at *5 (E.D.N.Y. Dec. 21, 2023), *report and recommendation adopted*, Jan. 19, 2024 ECF Order Adopting R. & R. "[C]ourts in this district 'have repeatedly' denied motions for default judgment based on a movant's failure to adhere to Local Civil Rules." *Id.* (quoting *Lugo v. Allstate Ins. Co.*, No. 19-CV-7150 (JMA) (JMW), 2022 WL 3928727, at *5 (E.D.N.Y. Aug. 10, 2022) (recommending denial where the plaintiff failed to append the certificate of default, a copy of the complaint, and a proposed form of default judgment to the motion for default judgment)), *report and recommendation adopted*, 2022 WL 3914981 (E.D.N.Y. Aug. 31, 2022).

I. **Personal Jurisdiction**

   A. **Legal Standards**

"A default judgment is void if it is rendered by a court that lacks jurisdiction over the parties." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 138 (2d Cir. 2011) (quotation marks omitted). The Second Circuit has observed that "before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*,

619 F.3d 207, 213 (2d Cir. 2010). Accordingly, personal jurisdiction "should be examined on a motion for a default judgment when a plaintiff's submissions clearly show an absence of personal jurisdiction or even when they show that sustaining personal jurisdiction is highly unlikely." *Kaplan v. Hezbollah*, No. 19-CV-3187 (BMC), 2022 WL 2207263, at *2 (E.D.N.Y. June 21, 2022).

"In a federal question case where a defendant resides outside the forum state, a federal court applies the forum state's personal jurisdiction rules 'if the federal statute does not specifically provide for national service of process.'" *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997) (quoting *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990)). The Lanham Act does not provide for national service of process; accordingly, here, the New York state long-arm statute governs this inquiry. *See generally* 15 U.S.C. § 1051 *et seq.*; Fed. R. Civ. P. 4(k)(1)(A); *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir. 2004).

The New York state long-arm statute provides that a court may exercise personal jurisdiction over any foreign defendant if that defendant:

> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or 4. owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. § 302(a). Under the business transaction prong, "websites used by New York consumers to purchase an out-of-state defendant's products . . . generally confer

personal jurisdiction." *Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 466 (S.D.N.Y. 2008). As to the "tortious act within the state" requirement, "[i]t is firmly established that the domicile or residence of an injured party within New York is not enough to establish personal jurisdiction." *Id.* at 467. Rather, "the injury requirement is satisfied by harm and threatened harm resulting from actual or potential confusion and deception of internet users in New York State." *Id*. Lastly, as to the out-of-state tortious act prong, "the out-of-state act must be the proximate cause of the injury in New York, i.e., the act must be so close to the injury that reasonable people would regard it as a cause of the injury." *Id.* (quotation marks omitted). However, "the mere creation and maintenance of web sites bearing infringing marks does not constitute a tort in any state where the sites can be viewed"; instead, the tort occurs "where the customer purchases the defendant's goods in the mistaken belief that they are the trademark owner's products." *Id.* (quotation marks omitted).

### B. Analysis

Plaintiffs do not allege adequate facts to conclude that the Court has personal jurisdiction over Defendants under the New York long-arm statute. Plaintiffs state that "Defendants are subject to personal jurisdiction in this district," but neglect to support this conclusory statement. (Compl., ECF No. 1, ¶ 3.) Plaintiffs state that Defendant TPARTS, LLC was incorporated in California and has its principal place of business in California, and that Defendant Qi Li "is the principal of Defendant TPARTS, LLC." (*Id.* ¶¶ 6–7.) Plaintiffs further allege that "defendant established a USA facing website to market, sell, and distribute Plaintiff's Goods," which Defendant continued to do even after "permission to market, sell, and distribute Plaintiff's Goods was terminated." (*Id.* ¶¶ 19–23.) Without identifying the allegedly infringing website, Plaintiffs conclusorily

6

assert that "[u]pon Plaintiff's termination of Defendant's license to market, sell, and distribute Plaintiff's Goods, plaintiff [sic] hacked Plaintiff's commercial website and unlawfully 'steered' customers from Plaintiff's website to Defendant's own, independent competing website for the purpose of selling competing goods." (*Id.* ¶ 24.) Even assuming Plaintiffs intended to claim that Defendants hacked Plaintiffs' website, these assertions are insufficient, on their own, to allege that Defendants' website was used by New York customers to purchase goods, that there was threatened or actual harm resulting from potential or actual confusion and deception of internet users in New York, or that New York customers purchased Defendants' goods in the mistaken belief that they were made by Plaintiffs. *See generally Energy Brands Inc.*, 571 F. Supp. 2d at 465–68. Accordingly, Plaintiffs have not alleged facts sufficient for the Court to find personal jurisdiction over Defendants under the New York state long-arm statute. Given that lack of personal jurisdiction would render any default judgment void, Plaintiffs' motions for default judgment should be denied.

## II. Federal Rule of Civil Procedure 4

### A. Legal Standards

Federal Rule of Civil Procedure 4(m) requires that a defendant be served within 90 days after the complaint is filed. Rule 4(e) allows service on individual defendants according to the law of the state where the district court is located or where service is made. Fed. R. Civ. P 4(e)(1). Alternatively, Rule 4(e) permits plaintiffs to serve individual defendants by "delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or

7

"delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2).

Rule 4(h) permits plaintiffs to serve corporate defendants "in the manner prescribed by Rule 4(e)(1) for serving an individual," or by delivering a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" and "also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(A)–(B).

**B. Analysis**

"Valid service of process is a prerequisite to a district court's assertion of personal jurisdiction over a defendant," and the Court finds service on Defendant Qi Li in this case to be deficient.[1] *Empire Cmty. Dev. LLC v. Campoverde*, No. 22-CV-4046 (RPK) (VMS), 2023 WL 7000878, at *3 (E.D.N.Y. Aug. 23, 2023), *report and recommendation adopted*, Sept. 12, 2023 ECF Order Adopting R. & R. As stated above, the affidavit of service for Defendant Qi Li indicates that service was effectuated by, essentially, "nail and mail" service, i.e., the mailing and affixing a copy of the summons and complaint to the door of 58 Pinetree, Irvine, CA 92620, which the affidavit of service identifies as Defendant Qi Li's place of business. (Aff. of Serv., ECF No. 6.)

The California Code of Civil Procedure allows service on an individual by leaving a copy of the summons and complaint at the person's "dwelling house, usual

---

[1] A Clerk of Court's certificate of default "is an administrative act," "not a legal determination that the substance of the information contained in that paperwork satisfies the legal requirements for service under the applicable laws. Thus, the Court may review the affidavits of service or returns of summons for compliance with the law, and it may resolve doubts as to compliance against the plaintiff." *Empire Cmty. Dev. LLC v. Campoverde*, No. 22-CV-4046 (RPK) (VMS), 2023 WL 7000878, at *3 (E.D.N.Y. Aug. 23, 2023), *report and recommendation adopted*, Sept. 12, 2023 ECF Order Adopting R. & R.

8

place of abode, usual place of business, or usual mailing address," "in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address," "who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail" to the person to be served at the place where the summons and complaint were left.[2] Cal. Civ. P. Code Section 415.20(b).

    The affidavit of service for Defendant Qi Li does not indicate that the summons delivered to Defendant Qi Li's place of business was left "in the presence of . . . a person apparently in charge of his or her office[ or] place of business" who was then "informed of the contents thereof." Cal. Civ. P. Code Section 415.20(b). (*See* Aff. of Serv., ECF No. 6.) Therefore, Plaintiffs' method of service on Defendant Qi Li does not comply with California state law for serving a summons.[3] *Id.*; *see* Fed. R. Civ. P. 4(e)(1); *Freeman v. Tuan Anh Nguyen*, No. 13-CV-832 (CBA) (JMA), 2014 WL 4628766, at *4 (E.D.N.Y. May 20, 2014) (holding that service was improper under California law because "the papers were never delivered to a person at [the defendant's] address"). Nor does this method

---

[2] However, this method of service is only available "[i]f a copy of the summons and complaint cannot *with reasonable diligence* be personally delivered to the person to be served." Cal. Civ. P. Code Section 415.20 (emphasis added). "Ordinarily, . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made." *Am. Tire Distribs., Inc. v. Am. Tire Corp.*, No. 08-CV-2971 (MMM), 2009 WL 10672266, at *4 (C.D. Cal. Mar. 2, 2009) (alteration in original) (quotation marks omitted). Even if Plaintiffs did satisfy the reasonable diligence requirement, as explained further *infra*, service on Defendant Qi Li was still inadequate.

[3] To further confuse matters, although Plaintiffs' affidavit of service suggests that 58 Pinetree, Irvine, CA 92620 is a business address (Aff. of Serv., ECF No. 6), Plaintiffs' status report and affidavit of non-service suggest that it is a residential address (Status Rep., ECF No. 7, at 1; Aff. of Non-Serv., ECF No. 7, at ECF p. 2). Regardless, however, service upon this address did not comply with the California Code of Civil Procedure because the summons and complaint were not left in the presence of anybody. *See* Cal. Civ. P. Code Section 415.20(b).

of service satisfy the alternative methods of service available under the federal rules: the summons and complaint were not delivered to Defendant Qi Li personally (Fed. R. Civ. P. 4(e)(2)(A)); a copy of the summons and complaint were not left at Defendant Qi Li's "dwelling or usual place of abode with someone of suitable age and discretion who resides there" (Fed. R. Civ. P. 4(e)(2)(B)); nor were copies delivered "to an agent authorized by appointment or by law to receive service of process" (Fed. R. Civ. P. 4(e)(2)(C)). Accordingly, the Court finds Plaintiffs' method of service on Defendant Qi Li to be inadequate.

### III. Local Civil Rule 55.1

#### A. Legal Standards

Local Civil Rule 55.1 requires that a party "applying for entry of default under Fed. R. Civ. P. 55(a)" file "(a) a request for a Clerk's Certificate of Default; and (b) an affidavit demonstrating that: (1) the party against whom a notation of default is sought is not an infant, in the military, or an incompetent person; (2) the party has failed to plead or otherwise defend the action; and (3) the pleading to which no response has been made was properly served." The party must also attach a proposed certificate of default to the affidavit. Local Civ. R. 55.1.

#### B. Analysis

Plaintiffs failed to satisfy the procedural requirements of Local Rule 55.1 in their requests for a certificate of default as to both Defendants. Specifically, the affidavit appending the request for a certificate of default against Defendant Qi Li does not attest to service of the summons and complaint at all, let alone demonstrate that the pleading to which no response has been made was properly served. (Aff. in Supp. of Req. for Certificate of Default, ECF No. 8, at ECF pp. 2–5.) Moreover, Plaintiffs failed to append

a proposed certificate of default to the affidavit. (*Id.*) As the request for a certificate of default against Defendant TPARTS, LLC appears to be nearly identical, the request for a certificate of default against Defendant TPARTS, LLC suffers from the same procedural inadequacies. (*See* Aff. in Supp. of Req. for Certificate of Default, ECF No. 16, at ECF pp. 2–5.) Accordingly, on this ground alone, Plaintiffs' motion for default judgment is deficient and should be denied. *See, e.g., Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Eng'rs v. Allstate Mapping & Layout, LLC*, No. 22-CV-1831 (PKC) (TAM), 2023 WL 1475389, at *1 (E.D.N.Y. Feb. 2, 2023) ("The failure to attach [a proposed form of default judgment] is sufficient grounds to deny the motion for default judgment.").

**IV. Local Civil Rules 7.1 and 55.2**

**A. Legal Standards**

While Local Civil Rule 55.1 dictates the procedural requirements for the request for a certificate of default, Local Civil Rules 7.1 and 55.2 list the procedural requirements for the motion for default judgment itself. Local Civil Rule 7.1 provides that "all motions shall include the following motion papers":

> (1) A notice of motion, or an order to show cause signed by the Court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion; (2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined; and
> (3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion.

Local Civ. R. 7.1; *see Dominguez v. Hernandez*, No. 21-CV-7051 (MKB) (VMS), 2023 WL 2575224, at *14 (E.D.N.Y. Feb. 22, 2023), *report and recommendation adopted*, 2023 WL 2574876 (E.D.N.Y. Mar. 20, 2023).

11

In addition, Local Civil Rule 55.2 states that a party seeking judgment by default "shall append to the application" the following: "(1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment." Local Civ. R. 55.2(b). Additionally, "all papers submitted to the Court pursuant to Local Civil Rule 55.2(a) or (b)" "shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual)," and "[p]roof of such mailing shall be filed with the Court." Local Civ. R. 55.2(c).

## B. Analysis

Plaintiffs' motions fail to satisfy the procedural requirements of Local Civil Rules 7.1 and 55.2. Specifically, the motion for default judgment against Defendant Qi Li does not include a notice of motion, a memorandum of law, a copy of the claim to which no response has been made, a proposed form of default judgment, or proof of mailing of all papers. (Qi Li Default Mot., ECF No. 10.) Although Plaintiffs did include a certificate of service indicating that a copy of the request for a certificate of default and affirmation in support of the request for a certificate of default were mailed to Defendants Qi Li and TPARTS, LLC at "58 Pine Tree," Irvine, CA 92620, the certificate does not indicate that any other papers submitted in support of the motion for default judgment were mailed, including, for example, the motion itself. (Qi Li Default Mot., ECF No. 10, at ECF p. 5.) Moreover, given the lack of clarity as to whether 58 Pinetree, Irvine, CA 92620 is a business address, as indicated in the affidavit of service, service of the motion is procedurally inadequate because it does not establish that the motion for default judgment was mailed to the last known residence of Defendant Qi Li. (*See* Aff. of Serv.,

12

ECF No. 6 (indicating that 58 Pinetree is Defendant Qi Li's "actual place of business/employment").) *See also* Local Civ. R. 55.2(c).

Similarly, the motion for default judgment against Defendant TPARTS, LLC does not include a memorandum of law, a copy of the claim to which no response has been made, a proposed form of default judgment, or proof of mailing of all papers. (TPARTS Default Mot., ECF No. 18; Notice of Mot. for Default J., ECF No. 18-1; Aff. in Supp. of Mot. for Default J., ECF No. 18-2; Certificate of Default, ECF No. 18-3; Certificate of Service, ECF No. 18-4.) Moreover, although Plaintiffs included a certificate of service indicating that the request for a certificate of default and affirmation in support of the motion for default judgment were mailed to TPARTS, LLC at "58 Pine Tree," Irvine, CA 92620, the certificate does not indicate that the papers were mailed to the last known business address for Defendant TPARTS, LLC, i.e., 14761 Franklin Avenue, Unit C, Tustin, CA 92780. (Certificate of Service, ECF No. 18-4; *see* Status Rep., ECF No. 12.) Lastly, as with the certificate appended to the Qi Li default motion, the certificate of default appended to the TPARTS, LLC motion does not affirm that *all* papers submitted in support of the motion for default judgment were mailed; it merely states that a copy of the request for a certificate of default and the affirmation in support of the motion for default judgment were mailed. (Certificate of Service, ECF No. 18-4.)

Accordingly, Plaintiffs' motions for default judgment fail to comply with the procedural requirements of Local Civil Rules 7.1 and 55.2 and should therefore be denied. *See, e.g., Shayo*, 2023 WL 9603819, at *6–8 (noting that the plaintiff's failure to comply with each rule is, on its own, a reason sufficient to warrant denial of the motion for default judgment in its entirety).

13

## V. Servicemembers Civil Relief Act

### A. Legal Standards

The Servicemembers Civil Relief Act ("SCRA") requires that, "[i]n a default judgment action, a plaintiff . . . file an affidavit that states whether the defendant is serving in the military and must show necessary facts in support of the affidavit." *Lopez v. Metro & Graham LLC*, No. 22-CV-332 (CBA) (RER), 2022 WL 18809176, at *5 (E.D.N.Y. Dec. 16, 2022) (citing 50 U.S.C. § 3931(b)(1)); *see Empire Cmty. Dev. LLC*, 2023 WL 7000878, at *6 (collecting cases). The affidavit "must be based on facts adduced from an investigation conducted *after* a defendant defaults." *Sudilovskiy v. City WAV Corp.*, No. 22-CV-469 (DG) (RLM), 2022 WL 4586307, at *3 (E.D.N.Y. Sept. 29, 2022) (emphasis added). Moreover, the affidavit may not be based on conclusory statements. *See, e.g., Ore v. H & C Cleaning Corp.*, No. 22-CV-20 (AMD) (RER), 2022 WL 19520879, at *4 (E.D.N.Y. Dec. 14, 2022), *report and recommendation adopted*, 2023 WL 2522814 (E.D.N.Y. Mar. 15, 2023) (concluding that, where plaintiffs relied on the process server's statement that the server "asked the person spoken to whether defendant was in active military service . . . and received a negative reply," and where there was no "indication that [p]laintiffs investigated [defendant's] military status beyond the process server's question," plaintiffs failed to comply with the requirements of the SCRA). "The court lacks the power to excuse compliance" with the SCRA. *Sudilovskiy*, 2022 WL 4586307, at *3.

### B. Analysis

Here, Plaintiffs' motion for default judgment against Defendant Qi Li "does not contain an affidavit or similar document confirming a reasonable investigation into the question of whether [Defendant Qi Li] is on active military service." *Empire Cmty. Dev.*

14

*LLC*, 2023 WL 7000878, at *7. Instead, Plaintiffs merely state that "Defendant [Qi Li] is not presently in the military service of the United States as appears from the facts in this litigation." (Qi Li Default Mot., ECF No. 10, at ECF p. 3.) Plaintiffs provide no support for this conclusory assertion, nor does this suggest that Plaintiffs conducted any inquiry into Defendant Qi Li's status after his alleged default. Accordingly, Plaintiffs' motion fails to comply with the SCRA's requirement that the affidavit be "based on facts adduced from an investigation conducted after a defendant defaults." *Sudilovskiy*, 2022 WL 4586307, at *3. For this additional reason, Plaintiffs' motion for default judgment against Defendant Qi Li should be denied.

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Plaintiffs' motion for default judgment against Defendant Qi Li be denied without prejudice because (1) Plaintiffs have not demonstrated that this Court has personal jurisdiction over Defendant Qi Li; (2) service on Defendant Qi Li was inadequate under Federal Rule of Civil Procedure 4; (3) Plaintiffs failed to comply with the procedural requirements of Local Civil Rules 7.1, 55.1, and 55.2; and (4) Plaintiffs failed to comply with the SCRA. The Court also respectfully recommends that Plaintiffs' motion for default judgment against Defendant TPARTS, LLC be denied without prejudice because (1) the Court lacks personal jurisdiction over Defendant TPARTS, LLC; and (2) Plaintiffs failed to comply with the procedural requirements of Local Civil Rules 7.1, 55.1, and 55.2.

\* \* \* \* \*

This report and recommendation will be filed electronically and a copy sent by mail to Defendants TPARTS, LLC and Qi Li. As a courtesy, the Court also respectfully directs Plaintiffs to provide a copy of this report and recommendation to Defendants forthwith and to file proof of same by June 12, 2024. Objections to this report and recommendation must be filed, with a courtesy copy sent to the Honorable Frederic Block at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen (14) days of filing. Failure to file objections within the specified time waives the right to appeal both before the district court and appellate courts. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g., Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision" (quotation marks omitted)).

**SO ORDERED.**

Dated: Brooklyn, New York
   June 7, 2024

*Taryn A. Merkl*
_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE