```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
SHENZHEN TEPEI TECHNOLOGY
CO. LTD. and TPARTS AUTO, INC.,
                                                      MEMORANDUM AND ORDER
                Plaintiffs,                           Case No. 1:23-cv-02656 (FB) (TAM)

        -against-

TPARTS, LLC and QI LI,

                Defendants.
---------------------------------------------------x
```

*Appearances*
*For the Plaintiffs:*
Louis H. Klein,
The Kasen & Liu Law Firm, PLLC
136-33 37th Avenue, #9B
Flushing, NY 11354

**BLOCK, Senior District Judge:**

Plaintiffs Shenzhen Tepei Technology Co. Ltd ("Shenzhen") and TPARTS Auto, Inc. (collectively, "Plaintiffs") sued Defendants TPARTS, LLC, and Qi Li (collectively, "Defendants") for infringement of Plaintiffs' federally-registered trademark "T PARTS" under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); fraud; breach of contract; conversion; and unjust enrichment. Plaintiffs filed separate motions for default judgment against each Defendant; the Court referred both to Magistrate Judge Merkl.

On June 7, 2024, Judge Merkl issued a Report and Recommendation ("R&"R) recommending that the Court deny Plaintiffs' motion for default judgment against Defendant Qi Li without prejudice because (i) Plaintiffs have not demonstrated that this Court has personal jurisdiction over Defendant Qi Li; (ii) service on Defendant Qi Li was inadequate under Federal Rule of Civil Procedure 4; (iii) Plaintiffs failed to comply with the procedural requirements of Local Civil Rules 7.1, 55.1, and 55.2; and (iv) Plaintiffs failed to comply with the Servicemembers Civil Relief Act.  Judge Merkl recommended that the Court deny Plaintiffs' motion for default judgment against Defendant TPARTS, LLC without prejudice because: (i) the Court lacks personal jurisdiction over Defendant TPARTS, LLC; and (ii) Plaintiffs failed to comply with the procedural requirements of Local Civil Rules 7.1, 55.1, and 55.2.  The R&R gave the parties fourteen days to file objections and warned that "[f]ailure to file objections within the specified time waives the right to appeal the District Court's order."  R&R at 16.  No objections have been filed.

If clear notice has been given of the consequences of failing to object, and there are no objections, the Court may adopt the R&R without *de novo* review.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of the consequences, failure to

timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will, however, excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

No error, plain or otherwise, appears on the face of the R&R. Accordingly, the Court adopts it without *de novo* review. The Clerk of the Court is directed to enter an order requiring Plaintiffs to show cause for why the Complaint should not be dismissed for lack of personal jurisdiction.[1]

**SO ORDERED.**

                                                    /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 26, 2024

---

[1] *See Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 214 (2d Cir. 2010) (recognizing that it was "correct for the District Court . . . to inquire into its personal jurisdiction . . . [to] exercise[] its responsibility to determine that it has the power to enter [a] default judgment") (cleaned up).